IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELINE HELEN SANDERS,<br>       Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:25-CV-1525-X-BT |
| | § | |
| DELUXE,<br>       Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jacqueline Helen Sanders filed a *pro se* civil action alleging employment discrimination, which the Court referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b). The Court granted Plaintiff leave to proceed *in forma pauperis* (IFP) but withheld issuing process pending judicial screening. *See* Order (ECF No. 19). Having screened the complaint, the magistrate judge recommends that Plaintiff's complaint be DISMISSED.

**Background**

On June 13, 2025, Plaintiff filed an original complaint alleging that her employer, "Deluxe," caused her both "mental abuse and medical abuse." Compl. at 221 (ECF No. 3). On July 10, 2025, the Court sent Plaintiff a notice of deficiency explaining that her complaint failed to comply with Fed. R. Civ. P. 8(a). Order at 1 (ECF No. 10). After Plaintiff filed seemingly unrelated documents on August 5, 2025 (ECF No. 11), the Court entered a second notice of deficiency reminding

Plaintiff of her obligation to comply with Rule 8. Order at 1 (ECF No. 12). The Court also sent Plaintiff a form employment discrimination complaint. *Id.*

Plaintiff filed an amended complaint on the appropriate form on September 30, 2025. *See generally* Am. Compl. (ECF No. 21). Plaintiff raises claims for employment discrimination based on race, gender/sex, religion, age, and disability.[1] *See id.* at 4. But Plaintiff does state how Defendant discriminated against her or what relief she is seeking.

Rather, Plaintiff submitted various papers containing emails and other miscellaneous documents that supposedly support her claims of discrimination. *See generally* Compl.; Add'l Attachments (ECF Nos. 6–9, 11, 13, 17, 20, 22–26). In these documents, Plaintiff complains that (i) her training included a mandatory question about homosexuality; (ii) personal belongings were taken from her desk; (iii) she overheard "sex jokes"; (iv) "a man" showed another woman his "private behind," and, Plaintiff "looked up and saw it"; (v) this same man pulled on Plaintiff's chair; and (vi) other people at her job talked to each other in African languages. *See* Compl. at 4, 11.

Plaintiff believes this discrimination occurred due to her race (Black/African American), age (over 40 years of age), national origin and/or ethnicity, sex (female), religion (Pentecostal), and disability. *Id.* at 11. However, Plaintiff is

---

[1] Sanders purportedly suffers from "heart problems, work injury, high blood pressure and high heart rates." Am. Compl. at 4.

2

unaware if anyone in a similarly situation was "treated the same, better, or worse than [her]." *Id.* at 5.

## Legal Standards and Analysis

A district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### I. Employment Discrimination

To establish a claim of employment discrimination, Plaintiff must plead and prove that she (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably. *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). While Plaintiff is not

required to submit evidence to establish all the elements of her claim to survive summary dismissal at this stage of the litigation, she must plead enough facts on all the ultimate elements of her claim to make her case plausible. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)).

In this case, Plaintiff fails to allege that she was qualified for the position she held, was subject to adverse employment action, was replaced by someone outside the protected class, or other similarly situated employees outside her protected group were treated more favorably. She also fails to plead any facts regarding discrimination based on her gender/sex or religion. The section of the form complaint where Plaintiff was supposed to include the facts of her case is completely blank. *See* Am. Compl. at 4–5. Instead, Plaintiff states in a conclusory manner that she was "discriminated against in violation of Title VII of Civil Rights." *Id*. at 4. Plaintiff's various filings similarly do not provide any facts that would show that she was qualified for the position, was subject to an adverse employment action, or was treated less favorably than other similarly situated employees. Plaintiff has thus failed to state a plausible claim for employment discrimination. *See Flowers v. Taylor Farm*, 2019 WL 2493406, at *2 (N.D. Tex. May 29, 2019) (Rutherford, J.), *rec. adopted*, 2019 WL 2492295 (N.D. Tex. June 14, 2019) (dismissing employment discrimination claims where the plaintiff failed to plead facts to support the elements of employment discrimination).

4

## II. Hostile Work Environment

To the extent that Plaintiff's claims could be interpreted as sex discrimination under a theory of a hostile or abusive work environment, Plaintiff is similarly unable to state a plausible claim for relief.

To establish a *prima facie* case of sex discrimination under a theory of a hostile or abusive work environment, Plaintiff must prove (1) she belongs to a protected class; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based upon sex; (4) the harassment affected a term, condition, or privilege of her employment; and (5) Defendant knew or should have known of the harassment and failed to take prompt remedial action. *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999); *Woods v. Delta Bev. Grp., Inc.*, 274 F.3d 295, 298 (5th Cir. 2001).

Here, Plaintiff cannot establish that she was subjected to unwelcome sexual harassment that affected a term, condition, or privilege of her employment. In determining if a workplace environment is sufficiently abusive to be actionable under Title VII, a court must review all the relevant circumstances, including the frequency of the conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with the employee's work performance. *Butler v. Ysleta Indep. Sch. Dist.*, 161 F.3d 263, 269 (5th Cir. 1998) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998)). Incidental or occasional sexual comments, discourtesy, rudeness, or isolated incidents (unless extremely severe)

5

are not discriminatory changes in the terms and conditions of a worker's employment. *Id.* "To be actionable, the challenged conduct must be objectively offensive, meaning that a reasonable person would find the conduct hostile or abusive, and subjectively offensive, meaning that the victim perceived the conduct to be hostile or abusive." *Walker v. SBC Servs., Inc.*, 375 F. Supp. 2d 524, 538 (N.D. Tex. 2005). With respect to sexual harassment, it is actionable under Title VII only if it is "so 'severe or pervasive' as to 'alter the conditions of [the victim's] employment and create an abusive working environment.' " *Faragher*, 524 U.S. at 786 (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (some internal quotation marks omitted)).

      Plaintiff's allegations regarding overhearing "sex jokes," while discourteous, do not rise to the level of harassment. *See Butler*, 161 F.3d at 269 (citing *Faragher*, 524 U.S. at 787–88). Moreover, Plaintiff's account of a man exposing his posterior and, at a different point in time, grabbing Plaintiff's chair does not support a *prima facie* case of harassment. *See Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999) (finding plaintiff's allegations that a male coworker stared at her and touched her arm, shoulder, and waist inappropriately on several occasions were not severe or physically threatening); *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 328 (5th Cir. 2004) (finding harassment non-severe and non-pervasive where female employee alleged male coworker "harassed her in the following ways: (1) he once made a remark to [plaintiff] about another employee's body, (2) he once slapped her on the behind with a newspaper, (3) he

"grabbed or brushed" against [plaintiff's] breasts and behind, (4) he once held her cheeks and tried to kiss her, (5) he asked [plaintiff] to come to the office early so that they could be alone, and (6) he once stood in the door of the bathroom while she was washing her hands"); *Jackson v. Boise Locomotive*, 2009 WL 2252246, at *14 (S.D. Tex. July 28, 2009) (rejecting hostile work environment claim based, in part, on a co-worker "mooning" the plaintiff).

Accordingly, Plaintiff is unable to state a claim for sex discrimination under a theory of a hostile or abusive work environment.

## Leave to Amend

Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend her complaint prior to a dismissal. But leave to amend is not required when the plaintiff has already pleaded her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The Court previously notified Plaintiff on two occasions that her original complaint was deficient and allowed her an opportunity to file an amended complaint. The amended complaint failed to cure these deficiencies. Plaintiff has, therefore, pleaded her "best case," and the complaint should be dismissed with prejudice.

## Recommendation

Plaintiff's complaint should be summarily dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

7

SO RECOMMENDED November 14 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.